IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 14-7 |
| ALCOA WORLD ALUMINA LLC | |

### INFORMATION MEMORANDUM

AND NOW comes the United States of America, by Jeffrey H. Knox, Chief, Fraud Section, Criminal Division, Department of Justice, Adam G. Safwat, Deputy Chief, Fraud Section, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Stephen R. Kaufman, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Violation of the Foreign Corrupt Practices Act<br>In or around March 2004 through in or around December 2009 | 15 U.S.C. §78dd-2 and<br>18 U.S.C. § 2 |

## II. ELEMENTS OF THE OFFENSE

**As to Count 1:**

In order for a violation of the Foreign Corrupt Practices Act (15 U.S.C. § 78dd-2 and 18 U.S.C. § 2) to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

(1) The defendant is a "domestic concern";

(2) The defendant, acting through its officers, directors, employees, or agents, acted corruptly and willfully;

(3) The defendant, acting through its officers, directors, employees or agents, made use of the mails or any means or instrumentality of interstate commerce in furtherance of an unlawful act under this statute;

(4) The defendant, acting through its officers, directors, employees or agents, offered, paid, promised to pay, or authorized the payment of money, a gift or of anything of value;

(5) The payment, gift or thing of value was to a foreign official or to any person, while the defendant knew that all or a portion of the payment, gift or thing of value would be offered, given, or promised, directly or indirectly, to a foreign official;

(6) The payment was for one of four purposes:

    (a) to influence any act or decision of the foreign official in his official capacity;
    (b) to induce the foreign official to do or omit to do any act in violation of that official's lawful duty;
    (c) to induce that foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or
    (d) to secure any improper advantage; and

(7) The payment was made to assist the defendant in obtaining or retaining business for or with, or directing business to, any person.

### III. PENALTIES

As to Count 1: Violation of the Foreign Corrupt Practices Act (15 U.S.C. § 78dd-2 and 18 U.S.C. § 2):

1. A fine of $2,000,000 or twice the gross pecuniary gain or gross pecuniary loss resulting from the offense, whichever is greatest (18 U.S.C. § 3571(c)(3) and (d));

2. A term of probation of up to five (5) years (18 U.S.C. § 3561(c)(1)).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $400.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013(a)(2)(B).

### V. RESTITUTION

Not applicable in this case.

## VI. **FORFEITURE**

The parties have agreed that the Defendant will administratively forfeit to the Internal Revenue Service the sum of $14,000,000.

          Respectfully submitted,

          JEFFREY H. KNOX
          Chief, Fraud Section
          Criminal Division
          Department of Justice

          */s/ Adam G. Safwat*
          ADAM G. SAFWAT
          Deputy Chief, Fraud Section
          NY ID No. 2657567
          Andrew Gentin
          DC ID No. 459889
          Trial Attorney, Fraud Section

          DAVID J. HICKTON
          United States Attorney
          Western District of Pennsylvania

          */s/ Stephen R. Kaufman*
          STEPHEN R. KAUFMAN
          Assistant U.S. Attorney
          PA ID No. 42108